IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60418
Summary Calendar
_____

LARRY ERVIN TAYLOR,

                                        Plaintiff-Appellant,

versus

JACK TUCKER; PERRY HERRON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:97-CV-200-B
- - - - - - - - - -

January 24, 2000

Before JOLLY, JONES, and BENAVIDES. Circuit Judges.

PER CURIAM:*

     Larry Ervin Taylor appeals from the denial of his motion for
relief from final judgment, filed pursuant to FED. R. CIV. P.
60(b), following the dismissal with prejudice of Taylor's
lawsuit, filed pursuant to 42 U.S.C. § 1983, for failure to state
a case.  This court reviews the district court's denial of a Rule
60(b) motion under a deferential abuse-of-discretion standard.
See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir.
1981).

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Taylor based his Rule 60(b) motion on his conclusory allegations that the defendants, Charleston Police Chief Jerry Wayne Williams, and Taylor's defense attorneys conspired together to steal his property and manufacture criminal charges against him.  Such allegations are insufficient to warrant relief.  See Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987)(bald allegations regarding the existence of a conspiracy are insufficient to raise a § 1983 claim).  Furthermore, to the extent that Taylor argues that the criminal charge for which he was convicted was invalid, such arguments would be prohibited under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  Accordingly, the district court did not abuse its discretion in denying the Rule 60(b) motion.

AFFIRMED.